**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| | : | Case No. 08-13041 (CSS) |
| DOWNEY FINANCIAL CORP., | : | **Related Docket No. 559** |
| Debtor. | : | Hearing Date: 2/10/2011 @ 11:00 a.m.<br>Responses Due: 1/18/2011 @ 4:00 p.m. |

# OPPOSITION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A., TO THE OBJECTION OF INDENTURE TRUSTEE WILMINGTON TRUST COMPANY TO PROOF OF CLAIM OF THE FDIC-R

The Federal Deposit Insurance Corporation, in its capacity as Receiver of Downey Savings and Loan Association, F.A. (the "FDIC-R"), submits this *Opposition to the Objection of Indenture Trustee Wilmington Trust Company ("WTC") to Proof of Claim of the FDIC-R (the "Claim Objection").* The Claim Objection should be disallowed and the relief sought therein denied because WTC does not have standing to object to the FDIC-R's Proof of Claim. Further, even if WTC had standing to object, the Claim Objection is procedurally defective.

## PRELIMINARY STATEMENT

On November 24, 2010, Montague S. Claybrook, the Chapter 7 Trustee (the "Trustee"), filed his November Omnibus Action (hereinafter defined) objecting to the Proof of Claim that the FDIC-R filed in this Chapter 7 case. WTC filed its Claim Objection about one month later, seeking the identical relief sought by the Trustee in his

November Omnibus Action and on substantially similar grounds. Where a Chapter 7 trustee has objected to a creditor's claim, another creditor may not file its own claim objection because, as the Third Circuit has long recognized, this would cause the inconvenience and expense of unnecessary litigation and undue prejudice. Further, even if WTC had standing to file its Claim Objection, it cannot do so by bringing a contested matter when the Claim Objection seeks to equitably subordinate the FDIC-R's claims. See Bankruptcy Rules 3007(b) and 7001(8). To do so would undermine the procedural rights and safeguards that the FDIC-R would otherwise be afforded in an adversary proceeding.

In sum, the Claim Objection is procedurally defective (and substantively without merit as to which the FDIC-R reserves its right to dispute). WTC's Claim Objection should be disallowed and the relief sought therein denied.

## BACKGROUND

The FDIC-R timely filed its Proof of Claim against the Debtor's estate on October 29, 2009 (the "Proof of Claim") [Claim No. 25].

**Trustee's November Omnibus Action**.

On November 24, 2010, the Trustee commenced an adversary proceeding (the "November Omnibus Action") against the FDIC-R, case number 10-55567, by filing a complaint (the "November Omnibus Action Complaint") styled *Complaint (1) Objecting to the Claim of the FDIC in its Capacity as Receiver for Downey Savings & Loan Association, F.A.; (2) Seeking Equitable Subordination of Any Claim of the FDIC in its Capacity as Receiver for Downey Savings & Loan Association, F.A.; and (3) Counterclaiming for Certain Relief* [Docket No. 540].

In his extensive Complaint in the November Omnibus Action, the Trustee objected to each and every claim set forth in the FDIC-R's Proof of Claim. Among other things, in his November Omnibus Action, the Trustee specifically:

- "contests and objects to each claim asserted in the Receiver's Proof of Claim" (November Omnibus Action Complaint at ¶ 105);
- "contends that the claims asserted in the Receiver Proof of Claim are invalid or unenforceable" (November Omnibus Action Complaint at ¶ 108);
- "generally denies the legal and factual allegations made in . . . the Receiver Proof of Claim" (November Omnibus Action Complaint at ¶ 109);
- "alleges that the allegations made in . . . the Receiver Proof of Claim fail to state a claim on which relief can be granted or a valid basis in law for a claim against the bankruptcy estate" (November Omnibus Action Complaint at ¶ 110); and
- seeks to equitably subordinate the FDIC-R's claim to the general unsecured claims against the Debtor's estate and all equity interests. (November Omnibus Action Complaint at Count "Twenty First", ¶¶ 242-54).

**WTC's Claim Objection**.

On December 21, 2010, about one month after the Trustee commenced the November Omnibus Action, WTC filed its *Objection of Indenture Trustee Wilmington Trust Company to Proof of Claim of the Federal Deposit Insurance Corporation, as Receiver for Downey Savings and Loan Association, F.A.* (the "Claim Objection") [Docket No. 559].

As shown on the following chart, the relief sought in WTC's Claim Objection is duplicative of the relief sought in the Trustee's November Omnibus Action. Like the Complaint in the November Omnibus Action, WTC's Claim Objection objects to each and every claim asserted by the FDIC-R in its Proof of Claim as not being properly

supported and requests the entry of an order of this Court "disallowing and expunging the Proof of Claim in its entirety." Claim Objection at page 1.

| **TRUSTEE NOVEMBER OMNIBUS ACTION COMPLAINT** | **WTC CLAIM OBJECTION** |
|---|---|
| *Objection to Each Claim Asserted by the FDIC-R* - ¶ 105 | *Objection to Each Claim Asserted by the FDIC-R* - ¶ 9 |
| *Objection to Capital Maintenance Claim* - ¶¶ 81, 117 and 165 | *Objection to Capital Maintenance Claim* - ¶¶ 11, 18 and 28 |
| *Objection to Tax Related Claims* - ¶ 183 | *Objection to Tax-Related Claims* - ¶¶ 30 - 32 |
| *Objection to Deposit Fund Claim* - ¶ 187 | *Objection to Deposit Fund Claim* - ¶ 38 |
| *Objection to Intercompany Claim* - ¶ 185 | *Objection to Intercompany Claim* - ¶¶ 34-35 |
| *Objection to Fraudulent Conveyance Claim* - ¶ 189 | *Objection to Fraudulent Conveyance Claim* - ¶ 39 |
| *Objection to Litigation Recovery Claim* - ¶ 191 | *Objection to Litigation Recovery Claim* - ¶ 40 |
| *Objection to Insurance Proceeds and Premium Refund Claims* - ¶ 193 | *Objection to Insurance Proceeds and Premium Refund Claims* - ¶ 41 - 42 |
| *Equitable Subordination Claim* - ¶¶ 245, 252 and 254 | *Equitable Subordination Claim* - ¶ 45 |

## ARGUMENT

The Claim Objection should be disallowed because WTC is without standing to bring the Claim Objection. Moreover, even if WTC had standing to bring an objection to the FDIC-R's Proof of Claim, the Claim Objection is procedurally defective and therefore should be disallowed and the relief sought therein denied.

## A. WTC HAS NO STANDING TO OBJECT TO THE FDIC-R'S PROOF OF CLAIM.

### 1. WTC Has No Direct Standing.

Under Section 323(a) of the Bankruptcy Code, "[t]he Trustee is the representative of the estate" and "the duty to object to claims falls by statute to the chapter 7 trustee, who is the representative of all creditors." In re Summers, 1999 Bankr. LEXIS 837 at *8 (Bankr. E.D. Pa. 1999). See 11 U.S.C. § 704(a)(5). See also Collier on Bankruptcy ¶ 502.02[2][d] at 502-14 (16th ed. 2010) ("While a creditor may object before a trustee is qualified or when there is no trustee, once the trustee has been duly appointed it is the duty of the trustee to examine and take action concerning the disallowance of claims."). Here, the Chapter 7 Trustee has objected to the FDIC-R's Proof of Claim by filing the November Omnibus Action Complaint.[1] Accordingly, WTC has no standing to file its own objection to the FDIC-R's Proof of Claim.

It has long been established in the Third Circuit that when a Chapter 7 trustee has filed an objection to a creditor's claim, another creditor may not file an objection to that claim. Fred Reuping Leather Co. v. Fort Greene Nat'l Bank, 102 F.2d 372 (3d Cir. 1939) (Bankruptcy Act). In Fred Reuping Leather, the Third Circuit Court of Appeals held that "a general creditor of a bankrupt has no right to contest another creditor's claim or to appeal from the refusal of the court to disallow it unless upon application the trustee has refused to do so and the district court has authorized the creditor to proceed in the trustee's name." Id. at 372-73 (citations omitted). The reason for this rule is that

[1] The FDIC-R disputes the allegations made by the Trustee in his November Omnibus Action Complaint. Nothing herein shall be taken as agreement with any such allegations and the FDIC-R expressly reserves all rights.

> [t]o allow any creditor, without such leave, to institute proceedings to reject the claims of other creditors, will not . . . "subserve any necessary purpose, and opens the door to grave abuse. It enables one creditor at his own pleasure to subject any one of the other creditors . . . to the inconvenience and expense of unnecessary litigation, and to unduly protract the settlement of the estate."

Id. at 373 (citation omitted). See also Collier on Bankruptcy ¶ 502.02[2][d] at 502-13 (16th ed. 2010); Fed. R. Civ. P. 3007 Advisory Committee Note ("While the debtor's other creditors may make objections to the allowance of a claim, the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee.").

Since the enactment of the Bankruptcy Code, courts in the Third Circuit have continued to follow the rule enunciated in Fred Reuping Leather, restricting creditors from objecting to other creditors' claims or attempting to equitably subordinate those claims when the Chapter 7 trustee has already acted. See In re Morrison, 69 B.R. 586, 589 (Bankr. E.D.Pa.1987) (stating that the holding in Fred Reuping Leather "has been uniformly adopted in all Code cases of which we are aware."). See, e.g., Int'l Union, et al. v. Ludwig Honold Mfg. Co. (In re Ludwig Honold Mfg. Co.), 30 B.R. 790 (Bankr. E.D. Pa. 1983) (holding that creditor lacked standing to equitably subordinate another creditor since the trustee had already commenced a similar action) (citing Fred Reuping Leather); Summers, 1999 Bankr. LEXIS 837 at *8 ("Unless the court directs otherwise, one creditor has no standing to object to the claim of another creditor . . . . This follows because the duty to object to claims falls by statute to the chapter 7 trustee, who is the representative of all creditors."). Cf. Dionisio v. U.S. Trustee's Office et al. (In re Dionisio), 2003 U.S. App. LEXIS 12432 at *5 (3d Cir. 2003), cert denied, 540 U.S. 1049 (2003) (holding that a Chapter 7 debtor did not have standing to appeal a bankruptcy

court's order to surrender a leasehold because "'[a]s a general matter, in a chapter 7 proceeding, the trustee alone has standing to raise issues before the bankruptcy court and to prosecute appeals.'" (Citation omitted)).

The Fred Reuping Leather rule has also been applied by courts across the country. See, e.g., Kowal v. Malkemus (In re Thompson), 965 F. 2d 1136, 1147 (1st Cir. 1992) ("Leave to object is not generally accorded an individual creditor unless the chapter 7 trustee refuses to object, notwithstanding a request to do so, and the bankruptcy court permits the creditor to object in the trustee's stead."); Lawrence v. Steinford Holding B.V. (In re Dominelli), 820 F.2d 313, 317 (9th Cir. 1987) (trustee "optimal party" to object); In re Bakke, 243 B.R. 753, 755 (Bankr. D. Ariz. 1999) (creditor did not have standing to object to claim of another creditor in a Chapter 7 case in which a trustee had been appointed). Moreover, where the bankruptcy trustee has objected to a creditor's proof of claim, the trustee alone may interpose that objection and an unsecured creditor does not have standing to join with the trustee. Collier on Bankruptcy ¶ 502.02[2][d] at 502-12 - 13 (16th ed. 2010) ("[A]s a general rule, the chapter 7 trustee alone may interpose objections to proofs of claim unless the trustee refuses to act and the bankruptcy court permits the creditor to act on behalf of the trustee." (citing In re Thompson, supra)). See In re Global Envtl Solutions, Ltd., 342 B.R. 116, 119 (D. N.H. 2006) (noting the general rule that, absent leave of court, the chapter 7 trustee alone may interpose objections to proofs of claim and affirming the bankruptcy court's ruling that a creditor did not have standing to participate in the Trustee's objection); Trauner v. Huffman (In re Trusted Net Media Holdings LLC), 334 B.R. 470, 476-77 (Bankr. N.D. Ga. 2005) ("Because the Trustee is properly discharging his duty, the Huffmans lack standing to file

motions for summary judgment and to participate in the prosecution of the Trustee's objections [to another creditor's claim]. To allow the Huffmans to intervene would clearly hinder the orderly and efficient administration of the estate").

The Trustee, as representative of the estate, has commenced the November Omnibus Action objecting to the FDIC-R's Proof of Claim, and is the only party with the right to proceed. WTC lacks standing to prosecute its Claim Objection, and the Claim Objection should be disallowed and the relief sought therein denied.

**2. WTC Has No Derivative Standing.**

After a Chapter 7 trustee has been appointed, a creditor may not file an objection to another creditor's proof of claim without first doing three things. First, the creditor must show that the Chapter 7 trustee has refused to object to the claim; second, the creditor must apply to the Court to obtain derivative standing to object on behalf of the estate; and finally, the creditor must obtain court authorization to file the objection. See Fred Reuping Leather, 102 F.2d at 372-73. See also Kowal, 965 F. 2d at 1147; Bakke, 243 B.R. at 755; Miller v. Dutil (In re Total Containment, Inc.), 2008 Bankr. LEXIS 284 at *29 (Bankr. E.D. Pa. 2008) ("[I]f a bankruptcy fiduciary wrongfully fails to act on behalf of the estate, such a filing a valid objection to a claim, a creditor or other party in interest can seek court approval to do so"); Summers, 1999 Bankr. LEXIS 837 at *8.

Here the Trustee has objected to each and every element of the FDIC-R's Proof of Claim, the same relief sought by WTC. Further, WTC did not seek leave of Court to grant WTC derivative standing to object to the FDIC-R's Proof of Claim. Accordingly, WTC does not have derivative standing to bring this Claim Objection.

B. WTC'S CLAIM OBJECTION IS PROCEDURALLY IMPROPER.

Assuming, arguendo, that WTC could overcome its lack of standing to object the FDIC-R's proof of claim, which the FDIC-R respectfully submits it cannot do, the Claim Objection is procedurally improper because the relief sought requires WTC to proceed by adversary proceeding. WTC's Claim Objection should be disallowed on that ground as well.

Bankruptcy Rule 3007(b) is specific on this point: "A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim . . . ." Fed. R. Bankr. R. 3007(b). In this case, WTC's Claim Objection implicates three subsections of Rule 7001. Most apparent is its demand that the FDIC-R's claims be equitably subordinated. See WTC Claim Objection at ¶ 45 ("Accordingly, to the extent the Court allows any portion of the FDIC-Receiver's Proof of Claim, the Indenture Trustee respectfully submits that such claims should be equitably subordinated to all other general unsecured claims against the Debtor pursuant to Section 510 of the Code."). Pursuant to Bankruptcy Rule 7001(8), proceedings to subordinate any claim must be by adversary proceeding. Fed. R. Bankr. P. 7001(8); Protarga v. Webb (In re Protarga, Inc.), 2004 WL 1906145 at *3 (Bankr. D. Del. 2004); In re Frascella Enterprises, Inc., 360 B.R. 435, 444 (Bankr. E.D. Pa. 2007); In re White Glove, Inc., 1998 WL 731611 at *8 (Bankr. E.D. Pa. 1998); Dressel Assocs., Inc. v. Beaver Valley Builder's Supply, Inc. (In re Beaver Valley Builder's Supply, Inc.), 177 B.R. 507, 514 n.3 (Bankr. W.D. Pa. 1995).

In addition, WTC's Claim Objection incorporates by reference allegations in the Chapter 7 Trustee's so-called "October Ownership Action," Adv. Pro. No. 10-53731, in

which the Trustee seeks declaratory relief that the tax refunds are property of the Chapter 7 estate. See WTC Claim Objection at ¶¶ 29 - 32. It is unclear whether WTC also seeks a declaration that the Tax Refunds are property of the Debtor's Chapter 7 estate, but, to the extent that it does, Bankruptcy Rules 7001(2) and (9) require that such action also be brought by adversary proceeding.

In this Circuit, shortcuts to avoid the strictures of Rule 7001 are not permitted. As the Third Circuit has noted, concerning Bankruptcy Rule 7001(2):

> the adversary proceeding Rule at issue is mandatory and establishes a right to specific process that must be afforded. Its mandatory nature is grounded in principles of due process that trump "finality."

SLW Capital, LLC v. Ruffin (In re Mansaray-Ruffin), 530 F.3d 230, 238 (3d Cir. 2008). See also In re Whitehall Jewelers Holdings, Inc., 2008 WL 2951974 at *6 (Bankr. D. Del. 2008). Accordingly, the WTC Claim Objection should be disallowed and the relief sought therein denied.

## C. MULTIPLE LITIGATION REGARDING FDIC-R'S PROOF OF CLAIM IS PREJUDICIAL TO THE FDIC-R.

As the Fred Reuping Leather Court recognized, allowing any creditor, without permission, to institute proceedings against another creditor's claim would result in inconvenience and expense of unnecessary litigation to the estate and the parties and open the door to grave abuse. See Fred Reuping Leather, 102 F. 2d at 373.

WTC makes substantially similar allegations in the Claim Objection that the Trustee has made in the November Omnibus Action and seeks the same relief. Further, WTC has not alleged that the Trustee and his counsel are failing to represent WTC's

interests adequately.[2] Thus, to require the FDIC-R to respond to separate pleadings, separate discovery demands, and separate trials on identical issues would cause the very harm identified by the Third Circuit in Fred Reuping Leather. The FDIC-R should not be required to litigate the same substantive merits of its proof of claim from multiple challenges by multiple parties.[3]

Thus, WTC's Claim Objection should be disallowed.

## D. WTC'S CLAIM OBJECTION IS WITHOUT MERIT.

In addition to fatal procedural deficiencies as discussed herein, WTC's Claim Objection is substantively without merit. In the event that the Court permits WTC to assert its Objection to the FDIC-R's Proof of Claim, notwithstanding WTC's lack of standing and other procedural failures, then the FDIC-R respectfully requests that to minimize the prejudice to the FDIC-R, including the prejudice from litigating with both WTC and the Trustee on substantially similar objections to the FDIC-R's Proof of Claim, a scheduling order be issued concerning the substantive allegations of the WTC Claim Objection.

---

[2] To the extent that the Claim Objection is an indirect attempt to intervene in the November Omnibus Action, such action should be rebuffed. As set forth more fully in the FDIC-R's *Objection to the Motion of Wilmington Trust Company to Intervene Pursuant to Federal Rule of Civil Procedure 24* in the October Ownership Action brought by the Trustee, Adv. Pro. No. 10-53731 [Docket No. 24], WTC can not satisfy the requirements of Rule 24 of the Federal Rules of Civil Procedure to intervene in the adversary proceedings brought by the Trustee. In any event, WTC does not have standing to participate in the November Omnibus Action. See Global Envtl Solutions, Ltd., 342 B.R. at 119; Trauner, 334 B.R. at 475-77.

[3] Consolidation of the Claim Objection and the November Omnibus Action would not eliminate this prejudice. Instead, consolidation here could have the unintended result of establishing a mechanism to intervene without complying with Rule 24 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For all the foregoing reasons, the FDIC-R respectfully requests that this Court enter an Order: (i) disallowing WTC's Claim Objection; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: January 18, 2011

FEDERAL DEPOSIT INSURANCE CORPORATION
Kathryn R. Norcross
Senior Counsel
Sonya L. Levine
Counsel
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive
Arlington, VA 22226
Tel: (703) 562-2783
Fax: (703) 562-2475

BAYARD, P.A.

*/s/ Daniel A. O'Brien, Esq.*
Neil B. Glassman (No. 2087)
Charlene D. Davis (No. 2336)
Daniel A. O'Brien (No. 4897)
222 Delaware Ave., Suite 900
Wilmington, Delaware 19899
Tel.: (302) 655-5000
Fax: (302) 658-6395

-and-

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
Melanie L. Cyganowski
Peter Feldman
(Admitted Pro Hac Vice)
230 Park Avenue
New York, New York 10169
Tel.: (212) 661-9100
Fax: (212) 682-6104
*Counsel for the Federal Deposit Insurance Corporation, in its Capacity as Receiver*