IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------X
In re:                                    Chapter 7

DOWNEY FINANCIAL CORP.,                   Case No. 08-13041 (CSS)

                    Debtor.               Re: Docket Nos. 636, 655, 657

---------------------------------------------------------X

**REPLY OF THE FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER OF DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.
("FDIC-R") RE: (1) RESPONSE OF MONTAGUE S. CLAYBROOK, CHAPTER 7
TRUSTEE FOR THE BANKRUPTCY ESTATE OF DOWNEY FINANCIAL
CORP. AND (2) LIMITED OBJECTION OF WILMINGTON TRUST
COMPANY, IN ITS CAPACITY AS INDENTURE TRUSTEE, TO THE MOTION
OF THE FDIC-R FOR AN ORDER GRANTING RELIEF FROM THE
<u>AUTOMATIC STAY</u>**

The Federal Deposit Insurance Corporation as Receiver ("FDIC-R") of Downey Federal Savings and Loan Association, F.A. ("Downey") submits this reply to both (1) the Response of Montague S. Claybrook, Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of Downey Financial Corporation ("DFC") to the Motion of the FDIC-R for an Order Granting Relief from the Automatic Stay, and (2) the Limited Objection of Wilmington Trust Company, in its Capacity as Indenture Trustee ("Wilmington"), to the Motion of the FDIC-R for an Order Granting Relief From the Automatic Stay (collectively the "Objections").

The Objections misapprehend the relief sought by this motion. The FDIC-R seeks relief from the automatic stay, if necessary, so that it can pursue its own claims against the former officers and directors of Downey. It does not seek to assert or take control of the Trustee's claims against DFC's former officers and directors. Because the

1

same people served as officers and directors of both Downey and DFC, and because both sets of claims are fundamentally based on the same factual issues (even though they might be legally distinct), the FDIC-R is considering seeking to litigate the two sets of claims in one case rather than two by intervening in the existing Orange County Superior Court case ("Orange County Action"). If it decides to do so, that intervention would be for reasons of practicality and efficiency, not to take control of the claims the Trustee is currently asserting in that action.

Moreover, the FDIC-R does not seek an order from this Court requiring the Orange County Superior Court ("Superior Court") to permit the FDIC-R to intervene in the Trustee's currently pending action against the former DFC officers and directors. Whether the FDIC-R is granted leave to intervene is a matter properly in the discretion of the Superior Court. That issue is not before this Court on this motion. Here, the FDIC-R merely seeks, to the extent it is required, leave either to seek to intervene in the Orange County Action, by filing a motion for leave to intervene and a complaint-in-intervention in that action based on its own claims, or, alternatively, to file a separate action. This Court should grant the FDIC-R's motion.

## THE OBJECTIONS CONCEDE THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE FDIC-R'S CLAIMS AGAINST DOWNEY'S FORMER OFFICERS AND DIRECTORS AND THEREFORE THE MOTION SHOULD BE GRANTED.

Both the Trustee and Wilmington concede that the automatic stay does not apply to stay actions brought by the FDIC-R asserting its own claims against the former officers and directors of Downey. They admit that the FDIC-R need not seek relief from stay to proceed against them. Their only objections are that the FDIC-R should not be permitted to seek leave to intervene to assert those same claims in the Trustee's pending action.

Their objections are based solely on the grounds that the Superior Court rejected the FDIC-R's attempt to intervene in that action two years ago (before the Trustee even filed its complaint) and because of some fear that the FDIC-R is going to take over the Trustee's claims against the former officers and directors of DFC.[1]

Both Objections are unfounded. First, the prior motion of the FDIC-R to intervene was based on an entirely different set of circumstances. At that time, before the Trustee had been substituted into the action, the plaintiffs were shareholders asserting shareholder derivative claims that appeared to be based largely on the actions of the defendants as directors and officers of Downey. When the Trustee was substituted in, he made clear that he would be asserting only claims that had belonged to DFC, and the Superior Court denied leave to intervene based on that commitment. See, Reporter's Transcript April 24, 2009, Exhibit C to the Trustee's Response, pp. 21-22 ("But in this case before the Court the claims are against the parent, the officers and directors of the parent, Downey Financial, and they have that hat on. It's not against them when they had the hat on of Downey Savings.")

Now, the FDIC-R has completed its investigation and is ready to proceed against the defendants in their roles as directors and officers of Downey. Whether the claims against the defendants should be litigated in one action or two is something that the Superior Court would determine in conformance with California law and procedure in deciding an FDIC motion for leave to intervene. The Superior Court should be permitted to make that decision.

---

[1] The Trustee's argument that counsel for the FDIC-R refused to answer questions regarding the FDIC-R's intentions is simply not true. See, Declaration of Michael H. Bierman attached hereto.

3

Second, the Trustee does not dispute that the FDIC-R has claims against the defendants in the Superior Court case in their capacities as the former officers and directors of Downey. The fact that it is seeking to assert those claims simply does not mean that it is seeking to control or otherwise interfere with claims the Trustee now holds against the defendants in their capacities as directors and officers of DFC.

## TRYING BOTH THE TRUSTEE'S CLAIMS AND THE FDIC-R'S CLAIMS IN THE SAME LAWSUIT MAKES ECONOMIC AND PRACTICAL SENSE.

The Trustee is being disingenuous when he claims that his lawsuit against the former officers and directors of the holding company, DFC, is wholly distinct from the FDIC-R's intended lawsuit against the former officers and directors of the bank. Both lawsuits involve identical individuals and substantially overlapping facts. The holding company conducted its business almost entirely through the bank, and the same individuals who were officers and directors of the holding company acted in the same capacities on behalf of the bank. A copy of the Trustee's current complaint in the Superior Court action is attached as Exhibit "A." The factual allegations are summarized in its Summary of Factual Background section in Paragraphs 90 – 101. The gist of these allegations is that the defendants permitted *Downey* (not DFC) to engage in risky lending practices that "made Downey and its portfolio a ticking time bomb."

Whether or not this alleged conduct breached duties to Downey (as the FDIC claims) or to DFC (as the Trustee claims), the conduct itself will be a major focus of the litigation. The same facts, testimony and documents that will be used to prove mismanagement of the bank for the Trustee's claims will be used to prove mismanagement of the bank for the claims of FDIC-R. Simply put, it makes economic and practical sense for the cases to be handled together. If the FDIC-R decides that it

wants to intervene for reasons of efficiency, the Superior Court should be permitted to make that decision.

**THIS MOTION WAS BROUGHT AS A PROPHYLACTIC MEASURE TO AVOID OBJECTIONS IN THE SUPERIOR COURT THAT THE FDIC-R'S MOTION TO INTERVENE VIOLATED THE AUTOMATIC STAY.**

This motion was not brought to dispossess the Trustee of his claims, but as a prophylactic measure to address expected objections by the Trustee that any attempt to intervene or to otherwise bring claims against Downey's former officers and directors violated the automatic stay. At the hearing on the FDIC-R's motion to intervene on April 24, 2009, the Trustee argued that the automatic stay applied and that the FDIC-R's motion violated it. See, Reporter's Transcript April 24, 2009, Exhibit C to the Trustee's Response, pp. 18-20. The purpose of this motion is to remove that argument, not to take over the Trustee's claims.

## CONCLUSION

The Objections concede that the FDIC-R is free to pursue claims against Downey's former officers and directors. How the FDIC-R proceeds to do that, whether in a separate lawsuit or by attempting to intervene in the current Superior Court lawsuit does not implicate the automatic stay. Therefore, the FDIC-R respectfully requests that this Court enter an order as previously submitted (1) lifting the automatic stay pursuant to Section 362(d) of the Bankruptcy Code, to the extent such relief may be required, to permit the FDIC-R to pursue the claims it has against the former directors and officers of Downey Savings by (a) filing a motion to intervene and if granted, intervening in the Orange County action, or (b) commencing a different action in a court of competent jurisdiction; (ii) waiving the 14-day stay imposed by Bankruptcy Rule 4001(a)(3); and (iii) granting the FDIC-R such other further relief as is just and proper.

Dated: March 9, 2011

| | |
|---|---|
| FEDERAL DEPOSIT<br>INSURANCE CORPORATION<br><br>Kathryn R. Norcross<br>Senior Counsel<br>Sonya L. Levine<br>Counsel<br>Federal Deposit Insurance Corporation<br>Legal Division<br>3501 Fairfax Drive<br>Arlington, VA 22226<br>Tel: (703) 562-2783<br>Fax: (703) 562-2475 | BAYARD, P.A.<br><br>*/s/ Daniel A. O'Brien, Esq.*<br>Neil B. Glassman (No. 2087)<br>Charlene D. Davis (No. 2336)<br>Daniel A. O'Brien (No. 4897)<br>222 Delaware Ave., Suite 900<br>Wilmington, Delaware 19899<br>Tel.: (302) 655-5000<br>Fax: (302) 658-6395<br><br>-and-<br><br>LUCE FORWARD HAMILTON &<br>SCRIPPS LLP<br>Michael H. Bierman<br>Michael E. Pappas<br>(Admitted *Pro Hac Vice*)<br>601 South Figueroa, Suite 3900<br>Los Angeles, CA 90017<br>Tel.: (213) 892-4992<br>Fax: (213) 452-8032<br><br>-and-<br><br>OTTERBOURG, STEINDLER,<br>HOUSTON & ROSEN, P.C.<br>Peter Feldman<br>Melanie L. Cyganowski<br>(Admitted *Pro Hac Vice*)<br>230 Park Avenue<br>New York, New York 10169<br>Tel.: (212) 661-9100<br>Fax: (212) 682-6104<br><br>*Counsel for the Federal Deposit Insurance Corporation, in its Capacity as Receiver* |